IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Case No. 15-cr-00031-JLK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1       SHAWN CHEEVER,

Defendant.

_____

## ORDER OF DETENTION

_____

THIS MATTER came before me for a detention hearing on February 3, 2015.   The

government requested detention in this case.   The defendant did not contest the request for

detention.   I have considered the Pretrial Services report, evidence and testimony presented at that

hearing and the arguments and statements of counsel.

In order to sustain a motion for detention, the government must establish that there is no

condition or combination of conditions which could be imposed in connection with pretrial release

that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of

any other person or the community.   18 U.S.C. § 3142(b).   The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and

convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by

Title 18 U.S.C. § 2252A(A)(2) for offenses involving a minor victim, a rebuttable presumption

arises that no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of the community.   Title 18 U.S.C. § 3142(e).   The defendant

has been charged under Title 18 U.S.C. § 2252A(A)(2).   Probable cause that the defendant

committed the charged crime has been established before the grand jury.

The presumption favoring detention can be rebutted; however, even if rebutted, the

congressionally mandated presumption remains a factor to consider in assessing whether there is

any condition or combination of conditions will reasonably assure the appearance of the defendant

as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining

whether there are conditions of release that will reasonably assure the appearance of the defendant

and the safety of the community:

> (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)    the weight of the evidence against the person;
>
> (3)    the history and characteristics of the person including–
>
>> (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

2

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the rebuttable presumption of the Act has been triggered.   I find that the defendant has not presented evidence to rebut the presumption and therefore the presumption stands unrebutted.   However, even if the court considers the presumption rebutted by virtue of the defendant's long term residency in Colorado, the defendant is still not eligible for release on bond.

The defendant has one felony juvenile adjudication, 12 adult misdemeanor convictions, and 11 adult felony convictions.   The only period of time in his adult life where the defendant was not involved in commission of crimes is when he has been incarcerated.   The defendant is a convicted sex offender and has convictions for Third Degree Assault and Violation of a Restraining Order, all of which were domestic violence related and has been convicted for Menacing - Use of a Deadly Weapon.   Additionally, he has numerous convictions for Theft and Forgery.   The defendant has had his probation and/or parole revoked on several occasions and has 14 failures to appear on his record.

Further, the nature of the alleged instant offense potentially places minors at an increased safety risk.   The case agent reported that during his arrest in this case, the defendant was uncooperative during contact with law enforcement and barricaded himself in his residence, resulting in law enforcement kicking in the defendant's door. In addition, he made a statement that he "would not answer the door for police." The defendant's attitude toward law enforcement could potentially make pre-trial supervision difficult.   The court has received reports that the defendant was violent and disruptive in U.S. Marshal custody as well, although in fairness it must also be observed that the defendant was courteous and well-behaved in court.   Finally, the defendant

reported he is addicted to heroin and methamphetamine and used both the day prior to his arrest. In fact, he appeared to be suffering from medical issues which might have been attributed to his drug use when the court saw him at his initial appearance.

I therefore find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated this 3d day of February, 2015.


BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4