IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-cr-00031-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHAWN CHEEVER,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Change of Plea)

_____

    Proceedings before the HONORABLE JOHN L. KANE, Senior Judge, United States District Court for the District of Colorado, commencing at 3:35 p.m., on the 29th day of April, 2015, in Courtroom A802, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    Colleen Covell, Attorney at Law, U.S. Attorney's Office-Denver, 1225 17th Street, Suite 700, Denver, CO 80202, appearing for the plaintiff.

    Scott Thomas Varholak, Attorney at Law, Office of the Federal Public Defender, 633 Seventeenth Street, Suite 1000, Denver, CO 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Gwen Daniel, 901 19th Street, Room A201, Denver, Colorado, 80294, (303) 571-4084

**PROCEEDINGS**

1

2          (In open court at 3:35 p.m.)

3          THE COURT:  This is 15-cr-31, United States of America

4   vs. Shawn Cheever.  The matter comes on for consideration of a

5   change of plea.

6          The parties have entered into a Plea Agreement, and I

7   have presented to me court Exhibit 1, which is the Plea

8   Agreement, and Court Exhibit 2, which is a Statement by

9   Defendant in Advance of Plea of Guilty.

10         I need, Mr. Cheever, to be able to talk to you

11   directly rather than through your lawyer, which is the usual

12   way that we do things, but I have to make sure that you know

13   what it is you are doing.

14         And so, first of all, I will ask the courtroom deputy

15   to place you under oath.  Would you kindly stand, and raise

16   your right hand and face her.

17         THE DEFENDANT:  Yes, sir.

18      (Defendant sworn.)

19         THE COURT:  You are going to have to speak up, because

20   I am hard of hearing.

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  I have a Plea Agreement and it's Court

23   Exhibit 1.  On page 15, under the date of April 15, 2015, is a

24   line under which is printed "Shawn Cheever, defendant" and

25   above that is a signature.

1          Is that your signature?

2          THE DEFENDANT:  It is, sir.

3          THE COURT:  And beneath that is the signature of your

4    attorney, Mr. Varholak, under the same date; and beneath that

5    is the signature of Ms. Covell, the assistant United States

6    attorney, under the date of April 29, 2015.

7          Was this agreement explained to you thoroughly?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Are you satisfied with what you heard?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Court Exhibit 2 is entitled "Statement by

12   Defendant in Advance of Plea of Guilty," and on page 8, under

13   the date of April 15, 2015, is a line under which is printed

14   "Shawn Cheever, defendant" and above that is a signature.

15          Is that your signature?

16          THE DEFENDANT:  It is, sir.

17          THE COURT:  And beneath that is a certificate by

18   Mr. Varholak, who says that he has discussed this statement and

19   the other Court Exhibit 1, the Plea Agreement, with you, and he

20   certifies that he has fully explained your rights to you and

21   assisted you in completing the form, and he believes that you

22   understand your rights and these statements.

23          Do you agree with his certificate?

24          THE DEFENDANT:  I do.

25          THE COURT:  Mr. Cheever, on an earlier page, page 7 of

1    this Statement by Defendant, it says under paragraph 21 that

2    you are 44 years of age, you have a GED and you understand the

3    English language.  Now that is frequently put into these

4    agreements because the person signing it, the defendant, is

5    Spanish or Mexican or South American and doesn't understand

6    English.  So that's one of the reasons why it's there.  But

7    I've discovered that, in addition, there are people whose

8    native language is English, but because they have some reading

9    difficulty, such as dyslexia, or some kind of impairment like

10   that, that they really don't understand -- perhaps they

11   understand the spoken word, but not the written word.

12          Do you have any problems in understanding, reading or

13   writing of the English language?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  No, you don't; is that correct?

16          THE DEFENDANT:  No, I do not.

17          THE COURT:  Okay.  Are you taking any medications

18   today that might affect your judgment?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  How do you feel right now?

21          THE DEFENDANT:  I feel pretty good.

22          THE COURT:  You feel pretty good?

23          THE DEFENDANT:  I do.

24          THE COURT:  Has anybody threatened you to have you

25   plea to this charge?

1        THE DEFENDANT:  No, sir.

2        THE COURT:  Has anybody promised you what sentence you

3  might receive?

4        THE DEFENDANT:  No, sir.

5        THE COURT:  The sentencing has been explained to you

6  by Mr. Varholak?

7        THE DEFENDANT:  Very thoroughly.

8        THE COURT:  There is a point system called the

9  "Sentencing Guidelines," but I may or may not use those.  Do

10  you understand that?

11        THE DEFENDANT:  I do, sir.

12        THE COURT:  That's strictly advisory.

13        THE DEFENDANT:  Correct.  I understand.

14        THE COURT:  Okay.  Now have you ever been convicted of

15  a felony before?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  And what felony was that?

18        THE DEFENDANT:  Forgery.

19        THE COURT:  Forgery?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Did you go the trial or did you plead

22  guilty to that?

23        THE DEFENDANT:  I pled guilty.

24        THE COURT:  You pled guilty?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  Have you ever been involved in a trial?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  We have the jury box here, and we would

4   put people in there -- that actually holds, what is it, 16

5   seats, but we would put twelve people in there to listen to the

6   prosecution.  I would advise them that you are under no duty at

7   all to present any kind of evidence, all you have to do is be

8   here.  But you could enter a plea of not guilty, and then I

9   would instruct the jury that it would be up to the prosecutor

10  to prove each and every part of the charges against you beyond

11  a reasonable doubt, and that if any one of them had one

12  reasonable doubt about any part of one of those charges, you

13  would have to be found not guilty as a matter of law.  But by

14  pleading guilty, there's not going to be that trial.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  You understand that if I accept your plea

18  of guilty, then under those circumstances you can never appeal

19  your conviction?

20          THE DEFENDANT:  I understand.

21          THE COURT:  We don't know what sentence I might impose

22  in this case, so you would have the right to appeal your

23  sentence; but with this particular offense, in addition to the

24  regular sentence, there's something called the Adam Walsh Act,

25  which would require you to register as a sex offender in any

1    place where you might live and anyplace where you might work or

2    in any place where you might go to school.

3         There are other provisions that may prohibit you from

4    going within a certain distance from schools, such as a

5    thousand feet might be the local rule, and you would have to

6    register, and then you would have to abide by those rules or

7    that would constitute a separate offense.  And the Adam Walsh

8    Act, registered as a sex offender lasts for life.

9         Do you understand that?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  In addition to the penalties, which I will

12   go through in a moment with you, there are what we refer to as

13   "collateral consequences."  And what that means is that

14   although it's not set out in the criminal statute, the

15   government does have certain rules and regulations that could

16   affect you so that perhaps you would not be eligible for food

17   stamps, perhaps you would not be eligible for any kind of

18   housing subsidy.  And in addition to that, if you have a

19   student loan, you might have to pay it off all at once.  If you

20   don't have a student loan, but want one, you may not get one

21   because you wouldn't qualify.  All of those factors would

22   relate to the fact that you are convicted of this felony.

23        Do you understand that?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  So the consequences are pretty serious.

1          THE DEFENDANT:  Yes.

2          THE COURT:  They last a long time.  You understand?

3          THE DEFENDANT:  I understand.  I do.

4          THE COURT:  Are you satisfied with the services of

5     Mr. Varholak?

6          THE DEFENDANT:  Absolutely.

7          THE COURT:  Do you think that he has been a zealous

8     advocate working in your best interests in trying to do what he

9     can to help you according to law?

10         THE DEFENDANT:  I really do, yes.

11         THE COURT:  All right.

12         Ms. Covell is with the prosecution.  I am not asking

13    you if you like her or not, but do you think she's treated you

14    fairly?

15         THE DEFENDANT:  Yeah, I really do.  I think she has

16    been more than fair.

17         THE COURT:  All right.  Now this offense is based upon

18    the following consideration, that:

19         You would plead guilty to Count Two of the Indictment

20    against you, and this charges possession of child pornography.

21    It carries a penalty of a term of not more than ten years.  You

22    don't have any prior convictions for this, do you, or a similar

23    offense?

24         MR. VARHOLAK:  Your Honor, as laid out in the Plea

25    Agreement --

1            THE COURT:  Can you speak up, please?

2            MR. VARHOLAK:  Certainly.  I apologize, your Honor.

3            As laid out in the Plea Agreement, the parties believe

4    that he has a misdemeanor Colorado -- the exact term,

5    possession of -- the Court's indulgence for one minute,

6    possessing material in violation of Colorado Revised Statute

7    18-6-403.  It at the time was a Class One misdemeanor.  There

8    is an issue as to whether or not that qualifies as a recidivist

9    offense.  It is the defense's position that it does not.

10           Judge Arguello has just had this issue a few months

11   back.  She agreed with the defense's position.  It's on appeal

12   in the Tenth Circuit right now.  So --

13           THE COURT:  So we don't know.  There might be an

14   enhancement.

15           MR. VARHOLAK:  There might be.  The Court will

16   determine that.  Ultimately we are going to get guidance from

17   the Tenth Circuit.  I think the opening brief was just filed in

18   it, so possibly by the time of our sentencing; but if not, I am

19   fairly confident whoever loses that issue here will appeal up

20   to the Tenth Circuit.

21           THE COURT:  Do you understand what he's saying about

22   this?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  It may be that there's an enhancement, an

25   increase in the penalty because of that prior misdemeanor

1   offense you have, which might raise the maximum possible

2   penalty to 20 years, I think it would be; is that correct?

3            MR. VARHOLAK:  It's a maximum of 20 and a minimum of

4   10.

5            THE COURT:  So it has a minimum sentence too if that

6   enhancement does exist.

7            THE DEFENDANT:  Correct, I understand.

8            THE COURT:  Now there's also a possibility of a fine

9   of not more than $250,000.  There's also a question of

10  restitution in this case.

11           Ms. Covell, is that correct?

12           MS. COVELL:  Yes, your Honor.

13           THE COURT:  Okay.

14           MS. COVELL:  We have agreed that if in fact any

15  victims file for restitution, which as of this date I believe

16  there has not been any, we would agree to ask on their behalf

17  for $3000 per victim.

18           THE COURT:  And it could be more than one, because you

19  had more than one picture in your possession.  So if there's

20  more than one victim, but $3000 per victim, I might have to

21  order you to pay that.  Do you understand?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Okay.  Knowing that that's the possible

24  penalty, I want to make very sure that you understand this,

25  because I do know that people talk about what I am about to

1   say, and particularly people that are in custody start talking,

2   and they say that there's something that they call a "trial

3   tax," or in common language they say, Well, if you plead

4   guilty, the judge treats you better than if you go to trial.

5           Have you heard anything like that?

6           THE DEFENDANT:  I've never heard about that, no, sir.

7           THE COURT:  Well, good, because I can tell you it

8   doesn't happen here.  I will not do that.  You are perfectly

9   free to go to trial, if you want.  And if you don't want to,

10  you want to plead guilty, that's up to you.  But it's not going

11  to -- whether you plead guilty or you are found guilty is not

12  going to affect your sentence.  Do you understand that?

13          THE DEFENDANT:  I do.  After discussion it with my

14  wife and family, we figured this is the fastest way to get the

15  treatment and to figure out what's going on with myself.

16          THE COURT:  Well, okay.  I mean you can have whatever

17  reason you want to plead guilty, but I will give you a trial if

18  that's what you would rather do --

19          THE DEFENDANT:  I understand.

20          THE COURT:  -- whatever your wife wants.

21          THE DEFENDANT:  I understand.

22          THE COURT:  Okay.  Now I am going to recite what this

23  says, what you did, and then ask if under those circumstances

24  if you admit it, because I will not accept a plea unless

25  somebody is guilty of what they are charged with.  So please

1  listen carefully to what I am about to say.

2          It says here on page 10 of Court Exhibit 1 that you

3  and the government agree to the following facts:

4          That in June 2014 the National Center for Missing and

5  Exploited Children sent a CyberTip to Denver F.B.I. that a

6  Google Picasa user had uploaded four images of child

7  pornography on March 2nd, 2014, from the e-mail account

8  allitman1, A-L-L-I-T-M-A-N-1, @gmail.com, with the associated

9  name of "Shawn Cheever of Denver" and the Facebook account,

10  quote, TylerDurdan, D-U-R-D-A-N, 1024, close quote.

11          Subsequent investigation by the F.B.I., including the

12  use of administrative subpoenas and Court ordered search

13  warrants, revealed that the uploading of the images was done

14  from your residence located at 1788 South Broadway, Unit 6,

15  Denver, Colorado.  The F.B.I. executed a search warrant at that

16  address on January 6, 2015.  You were home at the time, but the

17  computers were not turned on.  The F.B.I. seized a laptop and

18  external hard drive, as well as several other laptops that

19  belonged to others, which you claimed you were going to fix for

20  friends.

21          You admitted there was child porn on the laptop and

22  hard drive and that you viewed it whenever you were high on

23  meth or heroin.

24          The forensic examination revealed approximately 172

25  images of child pornography on the laptop as well as the

1  external hard drive, both of which were manufactured outside

2  the State of Colorado.  The majority of these were found in the

3  cache, C-A-C-H-E.

4          A review of the defendant's e-mail account revealed

5  that on October 28, 2014, you received approximately 48 images

6  of child porn from someone who saw your photos on Image Source.

7          You stipulate that the material involved a

8  prepubescent minor who had not attained the age of 12; that you

9  received child pornography; that the offense involved material

10  that portrays sadistic and masochistic conduct or other

11  depictions of violence; and that the offense involved the use

12  of a computer; and these images and videos include, as a

13  sample, 19987, comma, jpg, an image of a nude minor boy

14  inserting his penis into the anus of what appears to be a nude

15  minor girl, face and genitalia not visible.

16          2df530.jpg, an image of a prepubescent minor girl

17  wearing only a shirt.  The minor girl has her legs up and

18  spread.  The focus of the image is on the girl's vagina and

19  anus.

20          2f.jpg, an image of a toddler girl with her legs being

21  spread apart to expose her genitalia.

22          2(3).jpg, an image of a prepubescent girl with her

23  legs up in the air.  The girl is holding her clothes or

24  underwear up while an adult hand is spreading the girl's vagina

25  open.

1      2786D02Fxxx.png, an image of a nude prepubescent girl

2   who is laying on a bed blindfolded with her hands tied above

3   her head.  The girl's legs are spread to expose her vagina.

4      47210017xxx.png, an image of a nude prepubescent girl,

5   part of a series of clothed to unclothed images on a sofa where

6   the girl is sitting on the sofa arm with her legs spread.  The

7   girl's right hand is near her vagina and the girl is possibly

8   inserting her finger into the vagina.

9      Additionally, the defendant has a prior state

10  conviction for sexual exploitation/child possessing material,

11  in violation of Colorado Revised Statute 18-6-403(3)(b.5), a

12  Class One misdemeanor.

13      All of the above events occurred in the State and

14  District of Colorado.

15      Mr. Cheever, are those facts true?

16      THE DEFENDANT:  Yes, sir.

17      THE COURT:  Sir?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  So you are pleading guilty because you are

20  in fact guilty?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  We have something in the law that's

23  referred to as "incorporation by reference."  What that means

24  is that rather than read something in its entirety, I can

25  simply say I have Court Exhibit 1 and Court Exhibit 2, and just

1    by referring to them I am making them a part of the record and

2    part of my findings.

3          Do you have any objection to my incorporation by

4    reference of these two exhibits into my findings?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Does the government have any objection?

7          MS. COVELL:  No, your Honor.

8          MR. VARHOLAK:  No, your Honor.

9          THE COURT:  All right.  Court Exhibit 1 and Court

10   Exhibit 2 are incorporated by reference.

11         Mr. Cheever, please listen carefully.  I am going to

12   make certain findings.

13         I am going to find that you fully understand what

14   rights you have in the Plea Agreement.

15         I find that you understand the elements of the charge

16   against you; that you understand the possible penalties which

17   may be imposed against you; that you further understand that it

18   is now an unsettled question of whether or not a mandatory

19   minimum might be part of that penalty, but that that will be

20   found out likely before the time of sentencing.

21         I find that you have in the past and you continue to

22   exercise your right to the effective assistance of counsel.

23         I find that Mr. Varholak has been effective and

24   competent in representing you.

25         I find that you believe you have been treated fairly

1    by the government and that you have no objection to these

2    proceedings and to pleading guilty because there's a factual

3    basis for it.  In other words, that the charge is true.

4           I find further that you understand that you may never

5    appeal this conviction.  We don't know what the sentence might

6    be, so you will have the right to appeal that if you are not

7    satisfied with it.

8           Do you agree with my findings?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Anything further, Ms. Covell?

11          MS. COVELL:  No, your Honor.

12          MR. VARHOLAK:  No, your Honor, thank you.

13          THE COURT:  All right.  The plea is accepted.  And

14   we'll set the matter down for sentencing.

15          THE COURTROOM DEPUTY:  We've got a sentencing date of

16   July 22nd, 2015, at 2 p.m.

17          THE COURT:  Is that agreeable?

18          MS. COVELL:  That works, your Honor.

19          MR. VARHOLAK:  Yes, your Honor.

20          THE COURT:  All right.  Thank you.

21          MS. COVELL:  Thank you.

22          THE COURT:  The defendant is remanded.

23

24

25

1                    **REPORTER'S CERTIFICATE**

2          I certify that the foregoing is a correct transcript from

3     the record of proceedings in the above-entitled matter.  Dated

4     at Denver, Colorado, this 7th day of September, 2016.

5

6                                    _____

7                                          Gwen Daniel